UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | **CRIMINAL ACTION** |
| ) | **NO. 09-10278-NMG** |
| ) | |
| SAMUEL MONTROND, ) | |
| Defendant, ) | |

**MEMORANDUM AND ORDER ON DEFENDANT'S SECOND MOTION TO RECONSIDER ORDER OF DETENTION OR, IN THE ALTERNATIVE, FOR FURTHER EVIDENTIARY HEARING (Docket No. 105)**
**April 25, 2011**

**HILLMAN, M.J.**

## Background

On September 2, 2009, a Complaint issued charging Samuel Montrond with knowingly and intentionally distributing cocaine base, in violation of 21 U.S.C. §841(a) and (b)(1)(C). On September 30, 2009, an Indictment was returned charging Montrond with distribution of cocaine base and aiding and abetting, in violation of 21 U.S.C. §841 and 18 U.S.C. §2 (Counts Two, Three and Four). The Government moved to detain Montrond on the grounds that he was a risk of flight and danger to the community.[1] On January 11, 2010, I issued a Memorandum and Decision On The Government's Motion for Detention (Docket No. 28), in which I ordered

---
[1] Specifically, the Government moved for detention pursuant to 18 U.S.C. §§3142(f)(1)(C) (Montrond is charged with offense(s) for which a maximum term of imprisonment of ten years or more is prescribed in the "Controlled Substances Act"), and (f)(2)(A)(Montrond presents a risk of flight)

Montrond detained pending trial after finding that he posed *both* a danger to the community and a risk of flight.

On April 12, 2010, Montrond filed Defendant's Motion To Reconsider Order of Detention (Docket No. 47). On May 27, 2010, Montrond filed Defendant's Motion To Expand The Record Relative To His Motion To Reconsider Order Of Detention (Docket No. 60), in which among things, he requested that his fiancé, Elizabeth Fontes-Nunes, be permitted to testify that Montrond was not in a closet or hiding at any time when the police executed the search warrant at their place of residence.[2] This Court (Gorton, D.J.) denied Montrond's request to expand the record to include testimony from his fiancé and also denied the request to inlude letters submitted by his father and brother. In denying the request to expand the record, Judge Gorton found that there was no reason the letters could not have been submitted at the detention hearing. As to Ms. Fones-Nunes's testimony, Judge Gorton determined that the evidence should have been submitted to the motion for reconsideration, by way of affidavit. Judge Gorton denied the motion to reconsider my Order of Detention; in so doing, he determined that the finding that Montrond was a danger to the community and risk of flight was fully supported by the record. *See* Memorandum and Order (Docket No. 61).

Montrond's trial was scheduled for January 24, 2011. However, the attorney for one of Montrond's co-defendants, Camilo Pina, moved to withdraw due to a conflict of interest; new counsel requested a three month continuance to prepare for trial. Therefore, the trial date has

---

[2]Montrond also included letters prepared by his father and brother. The letter submitted by Montrond's father does not mention Montrond's whereabouts during November-December 2009, nor does it mention that he received only two visits (on one day) from law enforcement officials looking for Montrond during that period. Likewise, Montrond's brother's affidavit does not mention that the brother was present during the search of the residence and never observed Montrond in the closet.

ben moved to May 2, 1011. On April 5, 2011, Montrond filed the instant motion. The Government has not filed an opposition to the motion and therefore, I will assume that the Government takes no position concerning the motion.

## Discussion

Initially, I will consider those facts/factors which Montrond alleges have changed since I originally ordered him detained in January 2010:

1. The continuation of his trial from January 24, 2011 to May 2, 2011 constitutes a material change in circumstances. Specifically, his continued detention has created significant hardship for himself and his family, including his newborn daughter;

2. Evidence not available at the time of the original detention hearing has come to light which refutes the testimony at the detention hearing of Special Agent Robert White that Montrond was found hiding in a closet at the time of his arrest. Specifically, two witnesses, his fiancé and brother, would testify that at the time of his arrest he was asleep and not hiding; and

3. Evidence not available at the time of the original detention hearing has come to light which refutes the testimony at the detention hearing of Special Agent Robert White that law enforcement officers went to the homes of Montrond's family on several occasions in order to locate him after the arrest warrant issued. Specifically, Montrond's father would testify that the police came to his home twice on one day (and at no other time) and stated only that they were looking for Montrond to retrieve his dogs.

Montrond also asserts that his co-defendant and brother, Bruno Montrond ("Bruno"), who has been released on conditions, played a larger role in the alleged drug distribution

3

scheme and is similarly situated to Montrond. Montrond argues that he should, therefore, be released on conditions similar to those imposed on Bruno.

*Whether The Length Of Montrond's Pre-Trial Incarceration And The Significant Hardships On His Family Raise Due Process Concerns*

Montrond has been incarcerated for about sixteen months and is currently scheduled to go to trial in one week. Montrond has not raised a due process argument, that is, he has not asserted that his continued detention violates the due process clause. However, the factors that he cites concerning the length of his incarceration and the significant hardships caused thereby are, in essence, factors which the Court would consider when carrying out a due process analysis. Furthermore, absent the assertion of a due process violation, it is hard to discern how these factors in and of themselves would support a motion to vacate a prior detention order. Therefore, although the Court is loathe to make the Defendant's arguments for him, I will assume that Montrond is asserting that his continued detention would violate the due process clause.

The First Circuit has recognized that "the due process clause of the United States Constitution might well be violated if the length of detention is substantial enough to constitute punishment without trial." United States v. Daniels, No. 98-30040-MAP, 2000 WL 1611124 (D.Mass. Oct. 5, 2000)(citing United States v. Zannino, 798 F.2d 544, 547 (1st Cir. 1986)). In determining whether in a given case the length of pre-trial detention violates the due process clause, the court must look to:

> factors relevant to the initial detention decision, such as the seriousness of the charges, the strength of the government's proof that defendant poses a risk of flight or danger to the community, and the strength of the government's case on the merits. [Furthermore,] the[] judgement[] should reflect such additional factors as the length of the detention that has in fact occurred, the complexity of the case,

4

and whether the strategy of one side or the other has added needlessly to that complexity.

United States v. Zannino, 798 F.2d 544, 547 (1st Cir. 1986).

First, in accordance with 18 U.S.C. § 3142(e), there exists a rebuttable presumption that Montrond poses a danger to the community and a risk of flight. Furthermore, independent of the rebuttable presumption, the Government has presented substantial evidence that Montrond is a danger to the community-- he has a prior conviction for possession of a Class D controlled substance and had state charges pending against him for that same offense a the time of the offenses charged in this Indictment. Given the strength of the Government's case, Montrond's role in the drug distribution scheme, the fact that he faces a mandatory minimum sentence and his immigration status, I continue to find that he is unlikely to appear to face these charges.

This investigation includes audio/video recordings, a cooperating witness and law enforcement surveillance; I have found that the weight of the evidence against Montrond is substantial. Furthermore, I disagree with the contention of Montrond's counsel that he Bruno played a greater role in the alleged drug distribution scheme-- on the contrary, the evidence was that Montrond was *at least* as culpable as Bruno. These considerations favor Montrond's continued detention.

The second prong of this Court's analysis requires that I examine the length of detention, the complexity of the case and whether the strategy of either party has added to the complexity of the case (and therefore, caused unwarranted delay). Montrond has been incarcerated almost sixteen months. While a significant period of time, I do not feel that his length of incarceration standing alone, is violated of due process, given that he faces a mandatory minimum sentence of five years if convicted of the offenses charged, *i.e.,* substantially longer than sixteen months.

Furthermore, this is a complex case involving multiple defendants, a cooperating witness, and audio/video recordings. There is nothing to suggest that the Government has deliberately delayed the case. Indeed, the latest continuance was the result of Montrond's co-defendant, Camilo Pina, having been appointed new counsel on the eve of trial. New counsel requested a three month continuance to prepare for trial. Furthermore, while the trial date was continued on January 10, 2011, Montrond waited until April 5, 2011, to file his motion for reconsideration of his continued detention. The fact that he waited until his trial was only a month away undercuts any argument that his continued detention would cause any *significant* further hardship to his family and serves only to amplify the Court's concern that he will not appear for trial.

Under these circumstances, I do not find that due process considerations favor Montrond's release.

*Whether The Detention Hearing Should Be Re-Opened Based on New Found Evidence*

As summarized above, Montrond previously filed a motion with Judge Gorton seeking reconsideration of my Detention Order. Judge Gorton held a hearing on that motion and in connection therewith, denied Montrond's request to expand the record to permit testimony from his fiancé that he was hiding in a closet when the police came to arrest him. Montrond did not at that time seek to expand the record to include a statement by his brother that he was not hiding in a closet at the time of his arrest, nor did he seek to expand the record to include testimony by his father/family concerning the efforts of law enforcement officials to contact them to find Montrond. Given that all such evidence was available at the time of Montrond's first motion for reconsideration, it does not constitute new evidence which would warrant re-opening the detention hearing under 18 U.S.C. § 3142(f).

Even if I were to find that the evidence which Montrond cites in support of his motion for reconsideration is information which was not available to him at the time of his detention hearing, such evidence would not have a "material bearing on the issue of whether there are conditions of release that will reasonably assure [his] appearance ... as required and the safety of any other person and the community". *Id.* First, while I state in my findings of fact that Montrond was found in closet at the time of his arrest and that law enforcement officials had contacted his family members in an unsuccessful attempt to locate him after an arrest warrant issued for him, I did not rely on these facts in determining he was a risk of flight. On the contrary, I stated that my concern was the fact that the evidence against him is substantial and that, if convicted, he is facing a mandatory minimum sentence of five years, followed by almost certain deportation. The ultimate facts which I have relied on have not changed and, as mentioned above, the concern that Montrond will flee grows stronger as the trial date nears. Second, I found that Montrond is a danger to the community and *none* of the "new" information relates to the issue of dangerousness. Therefore, I find that there is no basis for re-opening the issue of detention.

## **Conclusion**

Defendant's Second Motion to Reconsider Order of Detention Or, in the Alternative, for Further Evidentiary Hearing (Docket No. 105) is *denied*.

/s/ Timothy S. Hillman
TIMOTHY S. HILLMAN
MAGISTRATE JUDGE